FREDERICK A. CARROLL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carroll v. Commissioner
Docket No. 10418-88
United States Tax Court
T.C. Memo 1990-279; 1990 Tax Ct. Memo LEXIS 297; 59 T.C.M. (CCH) 796; T.C.M. (RIA) 90279; June 4, 1990, Filed *297 An appropriate order and decision will be entered. Frederick A. Carroll, pro se. Charles W. Maurer, Jr., for the respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM OPINION This case is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121. [1]
Respondent, in his notice of deficiency issued to petitioner, determined the following deficiencies in, and additions to, petitioner's Federal income tax: Year
Deficiency
Sec.6653(b)(1)
Sec.6653(b)(2)
Sec.6654
Sec.6661
1981
$ 306,487
$ 153,244 --
$ 23,485
--
1982
484,411
242,206
*
47,161
$ 121,103 Petitioner resided in Plymouth, Massachusetts, on the date he filed his petition herein. Petitioner did not file Federal income tax returns for the years in issue. In his petition, petitioner alleged that respondent erred in making the determinations set forth above, and he alleged facts to support his allegations of error. Respondent's answer denied the substantive allegations of the petition and further *298 alleged specific facts in support of his additions to tax under sections 6653(b)(1), 6653(b)(2), 6654, and 6661. Respondent's answer further affirmatively alleged, in the alternative to the additions to tax for fraud, that petitioner is liable for additions to tax under sections 6651(a)(1), 6653(a)(1), and 6653(a)(2) for each of the years in issue. In his amendment to answer, respondent alleged that petitioner was collaterally estopped from denying fraud for the years in issue in this proceeding by reason of his conviction of income tax evasion under section 7201. Although petitioner failed to reply to the amendment answer, respondent did not move that the allegations be deemed admitted. Consequently, the allegations in the amendment answer are deemed denied. Rule 37(c). Respondent filed a motion to show cause why proposed facts and evidence should not be accepted as established, and attached thereto a proposed stipulation of facts. The Court issued an order directing petitioner to show cause why respondent's proposed stipulation of facts should not be accepted as established. Upon petitioner's failure to respond, the Court's order was made absolute, and the facts and evidence *299 set forth in respondent's proposed stipulation of facts were deemed to be established for the purposes of this case. Among the facts deemed to be established is petitioner's conviction of income tax evasion under section 7201 for the years before the Court. Subsequently, respondent filed with the Court and served on petitioner a request for admissions in this case. Upon petitioner's failure to respond, the following facts were deemed admitted for purposes of this case: 1. During the taxable years 1981 and 1982, amounts were deposited or caused to be deposited on behalf of the petitioner into bank accounts in the British Virgin Islands in the names of Ballabeg Trading Co., Ltd., and Bennett Holdings, Ltd. These amounts represent taxable income of the petitioner net of all costs, expenses, and credits or offsets against income or tax, and net of all itemized deductions. 2. No payments were made during the taxable years 1981 and 1982 from the accounts described in paragraph 1., for any deductible costs or expenses, or for credits or offsets against income or tax, or for any itemized deductions. 3. Any payments made by the petitioner during the taxable years 1981 and 1982 for deductible *300 costs or expenses, or for credits or offsets against income or tax, or for any itemized deductions, were made from taxable income that was not deposited to the accounts described in paragraph 1., and accordingly the petitioner received additional taxable income during such years in the amounts of any such payments. 4. No payments were made by the petitioner during the taxable years 1981 and 1982 from any source for any deductible costs or expenses, or for credits or offsets against income or tax, or for any itemized deductions. 5. The petitioner was required to make payments of estimated tax for each of the taxable years 1981 and 1982. 6. The petitioner failed to maintain, or to submit for examination by the respondent, complete and accurate books of account and records of his income-producing activities for the taxable years 1981 and 1982 as required by the applicable provisions of the Internal Revenue Code and the regulations promulgated thereunder. 7. The petitioner's correct taxable income for the taxable years 1981 and 1982 is $ 622,500.00 and $ 980,128.00, respectively. 8. The income tax liabilities due and payable by the petitioner for the taxable years 1981 and 1982 are *301 $ 306,487.00 and $ 484,411.00, respectively. 9. The petitioner's failure to maintain complete and accurate records of his income-producing activities and his failure to produce complete and accurate records to the respondent in connection with the examination of his income tax liabilities for the taxable years 1981 and 1982 are fraudulent with intent to evade tax. 10. The petitioner's failure to file federal income tax returns and to report his correct taxable income for the taxable years 1981 and 1982 was due to fraud with intent to evade tax. 11. The petitioner's failure to pay his income tax liabilities for the taxable years 1981 and 1982 was due to fraud with intent to evade tax. 12. A part of the underpayments of tax which the petitioner was required to show on federal income tax returns for the taxable years 1981 and 1982 was due to fraud. 13. In the Second Superseding Indictment dated October 15, 1987, the petitioner Frederick A. Carroll was charged under Counts 1, 2, 4, 6, 8, 10, 11, 13, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 35, and 36. The facts stated in each of these counts are true. Thereafter, respondent's motion for summary judgment was filed *302 herein. Therein, respondent requests summary judgment on the issues of the underlying deficiency and additions to tax pursuant to the pleadings, established facts, and matters deemed admitted. Petitioner was afforded an opportunity to respond to respondent's motion for summary judgment. Petitioner did submit a document opposing respondent's motion for summary judgment and memorandum in support. At the outset we feel constrained to comment briefly on petitioner's failure to respond and to comply with the Court's notices and orders. After the pleadings were filed in this case, the only instance in which petitioner submitted a response to any order of this Court was his opposition to respondent's motion for summary judgment. Additionally, petitioner has failed to keep the Court apprised of his current address, and, as a result, the Court has on numerous occasions reserved documents and extended times for responding because of the return by the U.S. Post Office of documents addressed to petitioner. He has, in essence, ignored the notices and orders issued to him by the Court and, by his inexcusable conduct, shown complete and utter disrespect for the rules of this Court. Rule 121(b) *303 provides, in pertinent part, that a decision shall be rendered after the filing of a motion for summary judgment and the filing of an opposing written response if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Generally, the determinations made by respondent in his notice of deficiency are presumed correct. The burden is on petitioner to show that those determinations are wrong. Rule 142(a). We find that as a result of the deemed admissions resulting from petitioners' failure to respond to respondent's requests for admissions, there is no genuine issue as to any material fact with respect to the determined deficiencies and additions to tax pursuant to sections 6654 and 6661, and that to this extent summary judgment should be rendered in favor of respondent. Respondent bears the burden of proof as to the additions to tax for fraud, and he must carry that burden by clear and convincing evidence. See section 7454(a); Rule 142(b). This burden is met if respondent shows by clear *304 and convincing evidence that the taxpayer had a specific intent to evade a tax due and owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. , cert. denied ; , affg. a Memorandum Opinion of this Court; , affd. without published opinion . Respondent may satisfy his burden of proving liability for the addition to tax for fraud with deemed admissions. ; . Fraud must never be presumed or decided on the basis of suspicion. ; . Nonetheless, fraud need not be established by direct evidence but may be established from all relevant facts and circumstances. ; , affd. without published opinion . The taxpayer's entire course of conduct may *305 establish the requisite fraudulent intent. ; . The "willful failure to file a timely return * * * does not in itself and without more establish liability for a fraud penalty." , revg. in part and affg. in part a Memorandum Opinion of this Court. Willful failure to file returns for an extended period, however, is "persuasive evidence of an intent to defraud the government." ; , affg. a Memorandum Opinion of this Court. Other badges of fraud which may be taken into account include understatement of income, inadequate records, failure to file tax returns, implausible or inconsistent explanations of behavior, concealment of assets, and failure to cooperate with tax authorities. , affg. a Memorandum Opinion of this Court. Based on the pertinent deemed admissions -- i.e., petitioner's failure to maintain complete and accurate records of his income-producing activities and his failure *306 to produce complete and accurate records to respondent in connection with the examination of his income tax liabilities for the years in issue; petitioner's failure to file Federal income tax returns and to report his correct taxable income for the years in issue; and petitioner's failure to pay his income tax liabilities for the years in issue -- we hold that respondent has satisfied his burden as to the additions to tax for fraud. [2]
Furthermore, petitioner is collaterally estopped from denying the addition to tax for fraud under section 6653(b) in this proceeding because of his conviction under section 7201 for criminal tax evasion. , affd. ; . Based on the foregoing, respondent's motion will be granted with respect to the additions to tax for fraud. An appropriate order and decision will be entered. Footnotes
1. Rule references are to the Tax Court Rules of Practice and Procedure, and section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
*. 50 percent of the interest due on $ 484,411.↩
2. Our holding with respect to the additions to tax for fraud under section 6653(b) eliminates the need to consider respondent's alternative position with respect to the additions to tax under sections 6651(a)(1), 6653(a)(1), and 6653(a)(2).↩